IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>JAMES E. MITE,<br><br>   Defendant. | 8:08CR288<br><br>ORDER |

    This matter is before the court on the James E. Mite's Motion for Appointment of Counsel to Represent Him in a Proceeding Under 28 U.S.C. § 2255 (Filing No. 56). Mite requests the court appoint "counsel to represent him for the purpose of preparing, filing and prosecuting a Motion to Set Aside his conviction and sentence pursuant to 28 U.S.C. § 2255." **See** Filing No. 54. On January 29, 2009, the court entered judgment against Mite after accepting his guilty plea. **See** Filing No. 44. On March 22, 2012, after appointment of counsel for the purposes of Mite's motion to reduce his sentence, the court denied the motion to reduce the sentence. **See** Filing Nos. 48, 50. Mite has not yet filed a § 2255 motion, but suggests it may be based on ineffective assistance of counsel for failure to challenge his sentence that relied on the "catch-all definition of the violent felony clause," which was found unconstitutional in ***Johnson v. United States***, 135 S. Ct. 2551 (2015). **See** Filing No. 54 - Motion p. 1-3. Mite contends appointed counsel is necessary because he is ill-equipped to represent himself, indigent, incarcerated, and unable to hire or retain counsel. **Id.** at 3.

    Section 2255(g) provides "the court may appoint counsel" and any appointment is governed by 18 U.S.C. § 3006A. However, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." ***McCall v. Benson***, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted); ***Baker v. United States***, 334 F.2d 444, 447-48 (8th Cir. 1964). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. **See**, **e.g.**, ***Morris v. Dormire***, 217 F.3d 556, 558-59 (8th Cir. 2000); ***Hoggard v. Purkett***, 29 F.3d 469, 471 (8th Cir. 1994)

(citations omitted); **see also** Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of Mite's request, the court finds an insufficient showing of need for appointment of counsel at this time.

**IT IS ORDERED**:

The defendant's Motion for Appointment of Counsel to Represent Him in a Proceeding Under 28 U.S.C. § 2255 (Filing No. 56) is denied.

Dated this 2nd day of September, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge